UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

RAYMOND LEE KYLE,

       Plaintiff,

v.

GREGORY SKIPPER et al.,

       Defendants.

Case No. 1:19-cv-353

Honorable Robert J. Jonker

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Sun, Wixson, Schneider, and Zammaron.

## Discussion

### I.     Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) in Ionia, Michigan. The events about which he

complains occurred at that facility. Plaintiff sues the following MDOC employees at RMI: Chaplain Unknown Rodenault; Warden Gregory Skipper; Prisoner Counselors Michael Sun and Todd C. Wixson; Assistant Residential Unit Supervisor Steven E. Schneider; and mailroom worker Unknown R. Zammaron.

Plaintiff alleges that RMI has music equipment. Plaintiff wanted to use the music equipment, specifically the drums. He requested a callout for that purpose. On December 30, 2017, Defendant Rodenault met with Plaintiff and informed him that the drums were available to inmates that attend Christian services. The chaplain explained that the only way Plaintiff could use them would be to sign off as an adherent of the Nation of Islam and instead attend Christian services. Plaintiff filed a grievance regarding the matter.

Defendant Skipper, then a deputy warden, interviewed Plaintiff regarding the grievance on January 11, 2018. Plaintiff explained that the music equipment should be for all prisoners and that his religious preference should have no bearing on his ability to use the equipment.

Plaintiff received the Step I response to his grievance seven days later. He claims that Defendant Skipper prepared a response that deceitfully recharacterized Plaintiff's claim. The response indicates that Plaintiff was not permitted access to the drums because the drums are not a critical part of the Muslim services.

After the Step I response, Plaintiff claims that Defendant Rodenault pulled him aside and stated the following:

> These rules regarding the music equipment may not be fair, but they are the rules. You are like a truck stuck in the mud spinning your wheels going nowhere. This administration is on my side, do you know where you are? If you proceed with your complaint, you will regret it.

(Compl., ECF No. 1, PageID.10.)

Plaintiff attempted to clarify the nature of his complaint at the second step. He noted that his complaint was not that he could not use the drums for religious purposes; rather, he complained because he was denied access to the musical equipment because of his religious preference. Defendant Skipper denied the grievance at Step II explaining that the drums are not generally available, they are only available if they are essential for religious services.

Plaintiff's remaining claims against Defendants Sun, Schneider, Wixson, and Zamarron are based upon those Defendants' failure to properly process his grievance. Specifically, Plaintiff claims that those Defendants intercepted Plaintiff's outgoing mail to prevent Plaintiff from exhausting his state administrative remedies. Additionally, Defendants Sun, Schneider, and Wixson allegedly misled Plaintiff into believing he was required to use the Interdepartmental Mail Run (ID mail) system to process his Step III Grievance.

Plaintiff claims that Defendant Rodenault violated Plaintiff's First and Fourteenth Amendment rights by requiring Plaintiff to change his religious preference to use the drums, threatening Plaintiff, and by deceitfully recharacterizing Plaintiff's grievance. Plaintiff claims that Defendant Skipper also violated Plaintiff's First Amendment right to petition the government and the Fourteenth Amendment when Skipper recharacterized Plaintiff's complaint and acted as the Step II respondent where he had already considered the grievance and responded at Step I. Plaintiff claims further that Skipper's conduct gave rise to causes of action under state law.

Plaintiff claims that Defendants Sun, Schneider, Wixson, and Zamarron violated Plaintiff's First Amendment right to petition the government when they interfered with the processing of his grievance, particularly by misrepresenting the proper use of the mail to process the grievance at Step III and then intercepting the mail. Plaintiff claims further that Defendant Wixson's conduct gave rise to a cause of action under state law.

Plaintiff seeks a declaratory judgment stating that Defendants violated his constitutional rights, compensatory damages of $250,000, mental and emotional damages of $1,500,000, punitive damages of $1,500,000, and injunctive relief compelling Defendant Skipper to make the drums available to all prisoners and to set up a clear procedure for processing and tracking interdepartmental mail.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Constitutional Right to Pursue a Grievance

Plaintiff claims that Defendants' interference with the processing of his grievance violated Plaintiff's First Amendment right to petition the government for redress. The amendment stops the government from generally prohibiting expressions in the form of petitions for redress and from imposing sanctions on one who petitions for redress. *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 464 (1979). In *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), the Sixth Circuit explained the nature of the right:

> The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. "The right to petition is cut from the same cloth as the other guarantees of that Amendment, and is an assurance of a particular freedom of expression." *McDonald v. Smith*, 472 U.S. 479, 482 (1985). The First Amendment protects Apple's right to petition, but his suit is founded completely on a mistaken reading of that Amendment. A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.

*Apple*, 183 F.3d at 479; *see also BPNC, Inc. v. Taft*, 147 F. App'x 525, 531 (6th Cir. 2005) ("The purpose of the Petition Clause, though, is to ensure that citizens may communicate their will through direct petition to the legislature and government officials."). Thus, Plaintiff has a First

5

Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F. 3d 410, 415 (6th Cir. 2000), but the amendment does not require the government to consider, respond to, or grant relief on that grievance.

Plaintiff's allegations reveal that he is trying to expand his right to petition for redress—to complain about prison officials—into a right to compel those officials to listen, or at least to follow their own procedures. The protections afforded by the right to petition are not that broad. It is a right of expression, not a right to process following the expression. "[A] state has no federal due process obligation to follow all of its own grievance procedures . . . ." *Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have also found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures.") (listing cases); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."); *Mahammad v. Serett*, No. 88-5396, 1988 WL 113996 at *1 (6th Cir. Oct. 24, 1988) ("[I]nmate grievance procedures are not constitutionally required in state prison systems, therefore, the defendant's alleged failure to follow grievance procedures does not give rise to a § 1983 claim."). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Even if Defendants stalled Plaintiff's pursuit of the grievance procedure after the second step, such conduct does not rise to the level of a blanket prohibition on submitting petitions

for redress that implicates the First Amendment. Indeed, Plaintiff's continuing ability to petition for redress is underscored by his pro se invocation of the judicial process.

Plaintiff complains that Defendants ignored their own policies and rules when they allegedly refused to process his grievance at the third step. Defendants' failure to comply with an administrative rule or policy, however, does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Moreover, Defendants' actions or inactions with respect to processing Plaintiff's grievance at the third step do not constitute a sanction on Plaintiff for expressing his complaint.

Imposing a sanction in response to a grievance is retaliatory action that may violate the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights, such as the right to petition the government for redress, violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth such a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See*

7

*Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff mentions the word retaliation in his complaint. His allegations demonstrate that he was engaged in protected conduct. The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). However, he has failed to identify any adverse action that followed his filing of the grievance. And he has failed to demonstrate that the Defendants were motivated by the protected conduct if they undertook adverse action against him.

Plaintiff offers some evidence of a retaliatory intent: Defendant Rodenault is alleged to have said, "If you proceed with your complaint, you will regret it." (Compl., ECF No. 1, PageID.10.) But Plaintiff does not tie that intent to any subsequent adverse action by Defendant Rodenault. Indeed, Plaintiff does not tie the intent to any action at all, only the threat.

A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights, *see, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542. The threat Plaintiff alleges—"you will regret it"—is too vague and non-specific to deter a person of ordinary firmness from engaging in protected conduct.

Plaintiff also references the possibility that Defendants' actions, or inactions, may have precluded him from exhausting his administrative remedies. Even if Plaintiff had been

improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001).

The scenario Plaintiff describes—prison officials not addressing his complaint as he intended, but instead recharacterizing it and ignoring their own policies in processing his grievance—does not violate Plaintiff's First Amendment right to petition for redress; nor does it constitute a violation of Plaintiff's due process rights under the Fourteenth Amendment. Moreover, with respect to Defendants Sun, Wixson, Schneider, and Zammaron, to the extent that Plaintiff's complaint presents claims for violation of state administrative rules, policies, or laws, this Court declines to exercise jurisdiction over such claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing

*Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).[1]

Plaintiff's remaining claims—free exercise under the First Amendment and equal protection under the Fourteenth Amendment against Defendant Skipper—may proceed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Sun, Wixson, Schneider, and Zammaron will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's First Amendment right to petition and Fourteenth Amendment due process claims against Defendant Skipper. Plaintiff's free exercise claims and equal protection claims against Defendants Rodenault and Skipper remain in the case.

An order consistent with this opinion will be entered.

Dated: __August 8, 2019__        /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court also dismisses Plaintiff's state law claim against Defendant Skipper, without prejudice, to avoid unnecessary complication and confusion. 28 U.S.C. §1367(c).