UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LEE KYLE #448371,

    Plaintiff,                                      Hon. Robert J. Jonker

v.                                                           Case No. 1:19-cv-353

GREGORY SKIPPER, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

**BACKGROUND**

Plaintiff filed this action on May 6, 2019, against six MDOC officials employed at the Michigan Reformatory (RMI) where Plaintiff is incarcerated. (ECF No. 1). Plaintiff's claims against four Defendants were dismissed on screening. (ECF No. 5). With respect to Defendants Rodenault and Skipper, the following claims remain.

On December 28, 2017, Plaintiff sent a letter to Chaplain Rodenault "requesting access to the music equipment (drums)" which the facility possessed. Rodenault denied Plaintiff's request, informing him that "the only way he could play the drums at RMI facility, is to sign off the Nation of Islam service and attend the Christian service."

-1-

On December 31, 2017, Plaintiff filed a grievance regarding the matter. On January 11, 2018, Plaintiff was interviewed by Deputy Warden Skipper. Plaintiff explained that his grievance was "rooted on the basis that his religious preference should have no bearing on [his ability to use] the music equipment." Skipper agreed with Plaintiff and communicated with an official at a different facility regarding "the most effective way to set up a music program." However, approximately seven days later, Plaintiff's Step I grievance was denied based on the "deceitful recharacterize[ation] of Plaintiff's grievance" by Rodenault and Skipper.

Plaintiff alleges that Defendants Rodenault and Skipper violated his First Amendment right to freely practice his religion as well as his Fourteenth Amendment right to the equal protection of the law. These claims proceeded beyond the Court's initial screening and are the only claims remaining in this matter. (ECF No. 5). Defendants Rodenault and Skipper now move for summary judgment on the ground that Plaintiff has not properly exhausted his administrative remedies. Plaintiff has responded to Defendants' motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her

-2-

case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id*. at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment on a claim in favor of the party with the burden on such "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. The now current version of this Policy, which took effect on March 18, 2019, superseded the prior version which had been in effect since July 9, 2007. (MDOC Policy Directive 03.02.130 (Mar. 18, 2019)). The events relevant to the present motion are governed by the previous version of this Policy. Defendants failed to include a copy of the previous Policy in support of their motion, so the Court has attached a copy as an Appendix to this Report and Recommendation.

In support of their motion, Defendants have identified eleven grievances which Plaintiff pursued through all three steps of the grievance process. (ECF No. 29, PageID.224-05). Defendants argue that because none of these grievances concern Plaintiff's remaining claims, something which Plaintiff does not dispute, they are entitled to relief. In response to Defendants' motion, Plaintiff has presented evidence

that he attempted to pursue a twelfth grievance which does, in fact, concern his remaining claims.[1]

On December 31, 2017, Plaintiff submitted a grievance (RMI-18-01-0010-06C) alleging that Defendant Rodenault informed Plaintiff that he could not "play the drums" unless he changed his religious preference from Nation of Islam to Christianity. (ECF No. 33, PageID.319). Plaintiff's grievance was denied at Steps I and II. (ECF No. 33, PageID.314, 326, 328). Defendants expressly concede that Plaintiff properly pursued this grievance through Steps I and II. (ECF No. 37, PageID.355). The parties dispute, however, whether Plaintiff properly appealed the grievance to Step III.

---

[1] Plaintiff's response brief concludes with the statement, "Plaintiff declares under the penalty of perjury pursuant to 28 U.S.C. § 1746 that all statements are true and correct to the best of Plaintiff's knowledge, information, and belief." (ECF No. 33, PageID.310). While Plaintiff properly cites to § 1746, his statement does not constitute a properly sworn statement. Specifically, his inclusion of the conditional language that his statements are true and correct, but only "*to the best of [his] knowledge, information, and belief*" improperly "dilute[s]" the relevant statutory language. *See, e.g., Swackhammer v. Michigan Department of Corrections*, 2013 WL 1182206 at *4 (W.D. Mich., Feb. 11, 2013).

It is well understood that only admissible evidence can be considered when resolving a motion for summary judgment. *See, e.g., Bluegrass Dutch Trust Morehead, LLC v. Rowan County Fiscal Court*, 734 Fed. Appx. 322, 327 (6th Cir., May 10, 2018). The proffered evidence, however, "need not be in admissible form [merely] its content must be admissible." *McGuire v. Michigan Department of Community Health*, 526 Fed. Appx. 494, 496 (6th Cir., May 9, 2013).

While Plaintiff's statement is not properly sworn, Defendants have asserted no objection thereto. Moreover, to the extent Plaintiff's response contains assertions based on his first-hand knowledge, Plaintiff would certainly be capable of presenting such in admissible form at trial. Accordingly, the Court will consider such statements in opposition to Defendants' motion.

Plaintiff received the rejection of his Step II appeal on May 28, 2018. (ECF No. 33, PageID.328). In his response to the present motion, Plaintiff asserts that on May 29, 2018, he submitted his Step III appeal for mailing. (ECF No. 33, PageID.309). This assertion is supported by a notarized Proof of Service. (ECF No. 33, PageID.325). As the evidence provided by Defendants illustrates, however, Plaintiff's Step III appeal was never received and/or processed by prison officials.

According to Defendants, this result is because Plaintiff "either did not mail it or addressed it to the wrong place." (ECF No. 37, PageID.355). With respect to whether Plaintiff mailed his Step III appeal, Plaintiff has presented evidence that he did, in fact, mail the grievance. Thus, Defendants are not entitled to summary judgment based on the argument that Plaintiff failed to mail his Step III appeal. Defendants' argument that Plaintiff mailed the grievance to the "wrong place" is equally unpersuasive.

Plaintiff asserts that he mailed his Step III appeal to:

Director's Office
P.O. Box 30003
Lansing Michigan 48909.

(ECF No. 33, PageID.325). Defendants counter that Plaintiff was instead required to mail his grievance to the "MDOC Office of Legal Affairs." (ECF No. 37, PageID.355). Defendants argue, therefore, that because Plaintiff mailed his Step III grievance to the wrong location, he failed to properly exhaust his administrative remedies. Defendants cite to no authority in support of this argument and the Court discerns nothing in the relevant Policy Directive which informs prisoners that Step III grievance appeals are to

be mailed to the "MDOC Office of Legal Affairs." More to the point, however, the Step III grievance appeal form itself expressly instructs prisoners to send any Step III appeals to "Director's Office, P.O. Box 30003, Lansing Michigan, 48909." (ECF No. 33, PageID.328).

The Court, therefore, rejects Defendants' argument and finds that with respect to grievance RMI-18-01-0010-06C, Plaintiff properly pursued all his available administrative remedies. The question then becomes which of Plaintiff's remaining claims, if any, are properly exhausted by this grievance. Plaintiff's Step I grievance fails to name Defendant Skipper or assert any claims against him. (ECF No. 33, PageID.319). As for Defendant Rodenault, Plaintiff's grievance encompasses both of his remaining claims, a matter on which Defendant offers no contrary argument. Thus, Defendant Skipper is entitled to relief, whereas Plaintiff's claims against Defendant Rodenault must go forward.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 28), be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's remaining claims against Defendant Skipper be dismissed on the ground that Plaintiff failed to properly exhaust his administrative remedies. The undersigned further recommends, however, that Plaintiff's claims against Defendant Rodenault continue forward as Defendant

Rodenault has failed to meet his burden on the affirmative defense of exhaustion of administrative remedies.

For the same reasons, the undersigned recommends that Plaintiff's claims against Defendant Skipper be dismissed, the undersigned finds that an appeal of such dismissal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 30, 2020                /s/ Phillip J. Green
                                                                  PHILLIP J. GREEN
                                                                  United States Magistrate Judge