UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RAYMOND LEE KYLE #448371,

    Plaintiff,

v.

GREGORY SKIPPER, et al.,

    Defendants,
_____/

Hon. Robert J. Jonker

Case No. 1:19-cv-353-RJJ-PJG

## **APPENDIX**

MDO Policy Directive 03.02.130,
"Prisoner/Parolee Grievances"
(effective date 07/09/2007)

— rescinded —

| MICHIGAN DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE 07/09/07 | NUMBER 03.02.130 |
|---|---|---|
| **POLICY DIRECTIVE** | | |
| SUBJECT: PRISONER/PAROLEE GRIEVANCES | SUPERSEDES 03.02.130 (03/05/07) | |
| | AUTHORITY MCL 791.203 | |
| | ACA STANDARDS 4-4016; 4-4180; 4-4284; 4-4394; 4-4344 | |
| | PAGE 1 OF 7 | |

**POLICY STATEMENT:**

Prisoners and parolees shall be provided with an effective method of seeking redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement.

**RELATED POLICIES:**

01.01.140  Internal Affairs
03.03.140  Prohibited Sexual Conduct Involving Prisoners

**POLICY:**

DEFINITIONS

A.  Respondent: The staff person who investigates and responds to a grievance.

GENERAL INFORMATION

B.  Complaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy. This includes but is not limited to complaints of conduct in violation of PD 03.03.140 "Prohibited Sexual Conduct Involving Prisoners".

C.  Investigations of grievances filed regarding conduct in violation of PD 03.03.140 "Prohibited Sexual Conduct Involving Offenders" shall be conducted in accordance with that policy to the extent inconsistent with this policy.

D.  The grievance process shall be equally available to all prisoners housed in Field Operations Administration (FOA) and Correctional Facilities Administration (CFA) facilities, including prisoners incarcerated under the Holmes Youthful Trainee Act, and all parolees, unless placed on modified access pursuant to this policy. Probationers are not covered by this policy but may resolve specific problems and complaints with supervising staff and, if not resolved, with the sentencing court or, if in the Special Alternative Incarceration Program, as set forth in PD 05.01.142 "Special Alternative Incarceration Program".

E.  Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement which directly affect the grievant, including alleged violations of this policy and related procedures. Grievances also may be filed in accordance with OP 03.02.130-A "State Administrative Board Prisoner Property Reimbursement" if the grievant is seeking reimbursement for property lost or destroyed while in the Department's sole possession.

F.  Two or more prisoners and/or parolees may not jointly file a single grievance regarding an issue of mutual impact or submit identical individual grievances regarding a given issue as an organized protest. Such grievances shall be rejected by the grievance coordinator. Grievances that raise the following non-grievable issues also shall be rejected:

   1.  A grievant may not grieve the <u>content</u> of policy or procedure except as it was specifically

Case 1:19-cv-00353-RJJ-PJG   ECF No. 43-1 filed 06/30/20   PageID.396   Page 3 of 8

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/09/07 | 03.02.130 | PAGE 2 OF 7 |

        applied to the grievant. If a CFA prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.150 "Prisoner Housing Unit Representatives/Warden's Forum".

    2.    Decisions made in hearings conducted by hearing officers of the State Office of Administrative Hearings and Rules, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing).

    3.    Decisions made by the Parole Board to grant, deny, rescind, amend or revoke parole, or not to proceed with a lifer interview or a public hearing.

    4.    Decisions made in minor misconduct hearings, including property disposition.

    5.    Issues not within the authority of the Department to resolve. The grievant shall be told who to contact in order to attempt to resolve the issue, if known.

G.    Prisoners and parolees are required to file grievances in a responsible manner. A grievance shall be rejected by the Grievance Coordinator if it contains profanity, threats of physical harm, or language which demeans the character, race, ethnicity, physical appearance, gender, religion, or national origin of any person, unless it is part of the description of the grieved behavior and is essential to that description. A grievance also may be rejected for any of the following reasons:

    1.    It is vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant.

    2.    The grievant is on modified access pursuant to HH through LL and has filed a grievance in violation of those paragraphs.

    2.    The grievant did not attempt to resolve the issue with the staff member involved prior to filing the grievance unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration.

    3.    The grievance is filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer.

H.    In CFA, grievances shall not be rejected or denied solely because the prisoner has not included with his/her grievance exhibits or other documents related to the grievance; funds shall not be loaned to a prisoner to pay for photocopying of such documents. If the grievance references documents and those documents are not in the prisoner's files or otherwise available to the grievance coordinator or respondent except through the prisoner, the documents shall be reviewed with the prisoner as part of the grievance investigation process. If the grievance coordinator or respondent determines that a copy of a document is needed for the grievance investigation, the copy shall be made at Department expense.

I.    A grievant whose grievance is rejected may appeal the rejection to the next step as set forth in this policy. A new grievance shall not be filed regarding the rejection.

J.    Grievances shall not be placed in Counselor files, Record Office files, field files, or Central Office files, nor shall they be referenced on any document placed in these files except as necessary pursuant to Paragraph L. Grievance documents and files shall be accessed only to investigate or respond to a pending grievance, to respond to a request under the Freedom of Information Act, to respond to a request from the Department of Attorney General or appropriate Central Office staff, for audits, for statistical reporting, or to the facility head or his/her supervisor.

K.    A grievant shall not be penalized in any way for filing a grievance except as provided in this policy for

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/09/07 | 03.02.130 | PAGE 3 OF 7 |

misusing the grievance process. Staff shall avoid any action that gives the appearance of reprisal for using the grievance process.

L. If a grievant intentionally files a grievance which is investigated and determined to be unfounded which, if proven true, may have caused an employee or a prisoner to be disciplined or an employee to receive corrective action, the grievant may be issued a misconduct report if approved by the Warden or FOA Area Manager; however, major misconduct for Interference with the Administration of Rules shall be issued only if approved by the Warden or FOA Area Manager after consultation with the appropriate Deputy Director or designee. The misconduct report shall be processed as set forth in PD 03.03.105 "Prisoner Discipline". If the grievant is found guilty of misconduct for filing an unfounded grievance, the grievant may be placed on modified access consistent with Paragraphs HH through LL.

M. Wardens and FOA Area Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, if needed. In such cases, assistance shall be provided by a staff member who is not involved in the grievance.

GRIEVANCE COORDINATORS

N. In each CFA institution, the Warden shall designate at least one staff member to serve as the Step I Grievance Coordinator and at least one staff member to serve as the Step II Grievance Coordinator. The FOA Deputy Director shall designate staff members to serve as Step I Grievance Coordinators and Step II Grievance Coordinators for each FOA field office and facility, including corrections centers and Technical Rule Violation Centers (TRVs). Step III grievances shall be processed by the Grievance and Appeals Section of the Office of Legal Affairs in Operations Support Administration.

O. Each Step I Grievance Coordinator shall prepare and submit monthly reports on grievances filed in his/her respective facility or office to the Grievance and Appeals Section, as directed by the Manager of the Grievance and Appeals Section. The monthly report shall include information on the subject matter of each grievance filed and, for rejected grievances, the basis for the rejection.

GRIEVANCE PROCESS

P. Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration. If the issue is not resolved, the grievant may file a Step I grievance. The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff.

Q. A grievant in a CFA institution may file a Step I grievance directly with the inspector of the institution at which the prisoner is housed instead of with the grievance coordinator as set forth in Paragraph V if the grievance alleges conduct which falls under the jurisdiction of the Internal Affairs Division pursuant to PD 01.01.140 "Internal Affairs"; this includes claims alleging staff sexual misconduct. All grievances alleging such conduct, whether filed with the inspector or a CFA or FOA grievance coordinator, shall be referred to the Internal Affairs Division for review as set forth in PD 01.01.140 "Internal Affairs" even if they would otherwise be rejected under Paragraphs F or G; however, duplicative grievances may be rejected. The Manager of the Internal Affairs Division or designee shall notify the Warden or FOA Deputy Director or designee, and either the inspector or grievance coordinator as appropriate, in writing if the grievance is determined to fall within the jurisdiction of the Internal Affairs Division; in such cases, an investigation shall be conducted in accordance with PD 01.01.140 and the grievant notified that an extension of time is therefore needed to respond to the grievance. The Manager of the Internal Affairs Division or designee also shall notify the Warden or FOA Deputy Director or designee, and the inspector or grievance coordinator as appropriate, if it is determined that the grievance is not within the jurisdiction of the Internal Affairs Division; in such cases, the grievance shall continue to be processed as a Step I grievance in accordance with this policy.

Case 1:19-cv-00353-RJJ-PJG   ECF No. 43-1 filed 06/30/20   PageID.398   Page 5 of 8

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/09/07 | 03.02.130 | PAGE 4 OF 7 |

R.  A grievant shall use a Prisoner/Parolee Grievance (CSJ-247A) to file a Step I grievance; a Prisoner/Parolee Grievance Appeal (CSJ-247B) shall be used to file a Step II or Step III grievance. The forms may be completed by hand or by typewriter; however, handwriting must be legible. The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included. Information should be confined to the form and not written on the back, sides, or margins of the form, or in the response area. Additional pages may be attached to the grievance form if necessary to provide required information; however, grievants are encouraged to limit the information to the grievance form itself. If additional pages are necessary, the grievant is to submit four copies of each additional page; grievance forms should not be used for this purpose. Prisoners in a CFA institution may use an interdepartment mail run, if available, to send a grievance to another facility. If an interdepartment mail run is not available and the prisoner does not have sufficient funds to mail the grievance, postage shall be loaned as set forth in PD 05.03.118 "Prisoner Mail".

S.  Grievances and grievance appeals at all steps shall be considered filed on the date sent by the grievant. The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II. An extension for a Step I or II response shall not exceed 15 business days unless the grievance falls within the jurisdiction of the Internal Affairs Division. The Grievance Coordinator shall immediately notify the grievant in writing whenever an extension has been approved; the extension also shall be noted in the grievance response.

T.  If a grievant chooses to pursue a grievance which has not been responded to by staff within required time frames, including any extensions granted, the grievant may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired, including any extensions which have been granted.

U.  Prisoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent.

Step I

V.  Within five business days after attempting to resolve a grievable issue with staff, a grievant may send a completed Prisoner/Parolee Grievance (CSJ-247A) to the Step I Grievance Coordinator designated for the facility, field office, or other office being grieved; if the office being grieved does not have a designated Grievance Coordinator, the grievance shall instead be sent to the Step I Grievance Coordinator for the facility in which the grievant is housed or appropriate field office for processing. A grievant in a CFA facility alleging conduct under the jurisdiction of the Internal Affairs Division may send the grievance to the inspector for investigation and processing as set forth in Paragraph Q.

W.  The Grievance Coordinator shall log and assign a unique identifying number to each Step I grievance received, including those which may be rejected. Where available, a computerized grievance tracking system shall be used for this purpose.

X.  After receipt of the grievance, the Grievance Coordinator shall determine if the grievance should be rejected pursuant to this policy and, if so, sign and return the grievance to the grievant with an explanation as to why it was rejected. In CFA, if the grievance is being rejected, the Grievance Coordinator's supervisor shall review the reason for the rejection to ensure it is in accordance with policy; both the Grievance Coordinator and the supervisor shall sign the grievance before returning the grievance to the grievant. If the grievance is accepted, the Grievance Coordinator shall assign an appropriate respondent and identify the date by which the response is due. The respondent shall generally be the supervisor of the person being grieved except for grievances involving the Parole Board; the Parole Board Chairperson shall designate the respondent for grievances involving the Parole

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/09/07 | 03.02.130 | PAGE 5 OF 7 |

Board. The due date shall be within 15 business days after receipt of the grievance unless an extension is granted pursuant to Paragraph S. If the issue is of an emergent nature, the Grievance Coordinator may order a Step I response within two business days. The Grievance Coordinator may respond at Step I to grievances which require only minimal investigation or rejected for reasons authorized by this policy. However, if the Grievance Coordinator responds to the merits of the grievance, a grievance interview must be conducted as required in Paragraph Y.

Y. The respondent shall interview the grievant unless s/he refuses to participate in the interview, the respondent is not assigned to the location at which the grievant is confined, or, if the grievant is on parole in the community, the respondent does not have ready access to the field office to which the grievant is assigned. If the grievant is not interviewed, the reason shall be included in the written response to the grievance. The grievant shall have the opportunity to explain the grievance more completely at the interview to enable the Step I respondent to identify and gather any additional information needed to respond to the grievance. The interview also provides the opportunity to resolve the grievance to the mutual satisfaction of the grievant and the Department.

Z. Each Step I grievance response shall be reviewed by the respondent's supervisor prior to the grievance being returned to the Step I Grievance Coordinator to ensure that it appropriately addresses the issue raised in the grievance and accurately reflect Department policy and procedure. Where there is limited staffing in an FOA facility or field office, the requirement for supervisory review of a Step I response shall not apply if the response is prepared by an FOA supervisor/manager. The respondent shall identify in the response the specific policies, rules, or procedures that are directly related to the issue or conduct being grieved.

AA. The Step I Grievance Coordinator shall ensure that a thorough investigation was completed for each Step I grievance accepted, that the response was reviewed by the appropriate supervisor, and that a copy of the response is provided to the grievant by the due date, including any extension granted.

Step II

BB. A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I or if s/he did not receive a timely response. To file a Step II grievance, the grievant must request a Prisoner/Parolee Grievance Appeal (CSJ-247B) from the Step I Grievance Coordinator and send the completed form to the Step II Grievance Coordinator designated for the facility, field office, or other office being grieved within ten business days after receiving the Step I response or, if no response was received, within ten business days after the date the response was due, including any extensions. If the office being grieved does not have a designated Grievance Coordinator, the grievant is to send the grievance to the Step II Grievance Coordinator for the facility in which s/he is housed or appropriate field office for processing.

CC. The Grievance Coordinator shall log each Step II grievance received, including those which may be rejected. Where available, the Grievance Coordinator shall use a computerized grievance tracking system to do so. The Grievance Coordinator shall determine if the grievance should be rejected pursuant to this policy and, if so, return the grievance to the grievant with an explanation as to why it was rejected. If accepted, the Grievance Coordinator shall assign an appropriate respondent and indicate the date by which the response is due. The due date shall be within 15 business days after receipt of the grievance, unless an extension is granted as set forth in Paragraph S.

DD. The respondents for Step II grievances shall be as follows:

1. The Warden for CFA institutions, except that s/he may delegate this responsibility to the appropriate Deputy Warden if more than one institution is supervised. If the Warden supervises a camp, s/he may delegate this responsibility for camp grievances to the facility head.

2. The Regional Health Administrator or designee, for grievances regarding health care issues.

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/09/07 | 03.02.130 | PAGE 6 OF 7 |

3. The Administrator of Michigan State Industries (MSI) or designee for grievances involving MSI.

4. The CFA Region III Business Manager for grievances involving administrative support functions for CFA facilities in Jackson.

5. The appropriate Area Manager for FOA area offices and facilities.

6. The FOA Deputy Director or designee for all other FOA grievances.

EE. The Grievance Coordinator shall ensure that any additional investigation was completed as necessary for each Step II grievance accepted and that a copy of the response is provided to the grievant by the due date, including any extensions granted pursuant to Paragraph S.

Step III

FF. A grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or does not receive a timely response. To file a Step III grievance, the grievant must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form (CSJ-247B), to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions.

GG. The Grievance and Appeals Section shall be the respondent for Step III grievances on behalf of the Director. Each grievance received at Step III, including those which may be rejected, shall be logged on a computerized grievance tracking system. The tracking system shall include information on the subject matter of each grievance received and, for rejected grievances, the basis for the rejection. The Grievance and Appeals Section shall forward grievances regarding health care issues to the Administrator of the Bureau of Health Care Services (BHCS). The BHCS Administrator shall ensure the grievance is investigated and a response provided to the Grievance and Appeals Section in a timely manner. The Manager of the Grievance and Appeals Section shall ensure that any additional investigation is completed as necessary for each Step III grievance accepted, including referral to the Internal Affairs Division and, for disability issues, to the Equal Employment Opportunity Office within the Bureau of Human Resources, as appropriate, and that a copy of the Step III response is provided to the grievant.

MODIFIED ACCESS

HH. A prisoner or parolee who files an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or contain prohibited language as set forth in Paragraph G, or is found guilty of misconduct for filing an unfounded grievance as set forth in Paragraph L, may have access to the grievance process limited by the Warden or FOA Area Manager for an initial period of not more than 90 calendar days. If the prisoner or parolee continues to file such grievances while on modified access, the Warden or FOA Area Manager may extend the prisoner's or parolee's modified access status for not more than an additional 30 calendar days for each violation. In CFA, a recommendation to place a prisoner on modified access shall be submitted only by the Grievance Coordinator and shall include a list of the grievances forming the basis for the recommendation and the reason for the recommendation.

II. The Warden or FOA Area Manager, as appropriate, shall ensure that a prisoner or parolee placed on modified access, or who has had that status extended, is immediately notified in writing of this determination, including a list of the grievances upon which the determination was based. The Warden or FOA Area Manager also shall immediately notify the Regional Prison Administrator or Regional Administrator, as appropriate, and the Grievance and Appeals Section in writing whenever s/he places a prisoner or parolee on modified access or extends that status.

JJ. The Manager of the Grievance and Appeals Section also may place a prisoner or parolee on modified access, or extend that status, for the reasons set forth in Paragraph HH. The Manager of the Grievance and Appeals Section shall ensure that each prisoner or parolee placed on modified access or who has

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/09/07 | 03.02.130 | PAGE 7 OF 7 |

that status extended is immediately notified in writing of that determination, including a list of the grievances upon which the determination was based. The Manager of the Grievance and Appeals Section also shall ensure that the appropriate Warden or FOA Area Manager is notified in writing of the determination.

KK. While on modified access, the prisoner or parolee shall be able to obtain grievance forms only through the Step I Grievance Coordinator. A grievance form shall be provided if the Step I Grievance Coordinator determines that the issue the prisoner or parolee wishes to grieve is grievable and otherwise meets the criteria outlined in this policy. The Grievance Coordinator shall maintain a record of requests received for grievance forms and whether the request was approved or denied and, if denied, the reason for the denial. If a prisoner or parolee on modified access attempts to file a grievance using a form not provided by the Grievance Coordinator, the Grievance Coordinator may reject the grievance in accordance with Paragraph G. The Warden, FOA Area Manager, or Manager of the Grievance and Appeals Section may extend the prisoner's or parolee's modified access status for not more than an additional 30 days for each violation. Notification of such extensions shall be consistent with the requirements set forth in Paragraphs II and JJ.

LL. A prisoner or parolee shall remain on modified access for the approved period even if transferred to another facility or field location. The Grievance Coordinator for the sending facility or field location shall ensure that the Grievance Coordinator for the receiving facility or field location is notified of this information.

## OPERATING PROCEDURE

MM. The Administrator of the Office of Legal Affairs shall ensure that procedures are developed to implement requirements set forth in this policy directive. Procedures shall be completed within 60 calendar days after the effective date of this policy directive. This includes ensuring that existing procedures are revised or rescinded, as appropriate, if inconsistent with policy requirements or no longer needed.

## AUDIT ELEMENTS

NN. A Primary Audit Elements List has been developed and is available on the Department's Document Access System to assist Wardens, FOA Regional Administrators, and the Administrator of the Office of Legal Affairs with self audit of this policy pursuant to PD 01.05.100 "Self Audit of Policies and Procedures".

Approved: PLC   06/13/07